# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD BROWN, JR.,<br><br>            Petitioner,<br><br>   v.<br><br>MARCUS POLLARD,<br><br>            Respondent. | Case No. 2:22-cv-06755-FLA (KSx)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the court has reviewed the Motion to Amend, Dkts. 32, 33, the records on file, and the Report and Recommendation of the United States Magistrate Judge ("Report"). Dkt. 43. Further, the court has engaged in a *de novo* review of those portions of the Report to which objections have been made. Dkt. 45.

Petitioner requests leave to amend his habeas petition, which is still pending, with four additional claims. Dkt. 33. The Report recommends denial of leave to amend because the proposed claims are untimely or duplicative. Dkt. 43. Petitioner's objections to the Report, Dkt. 45, fail to warrant any change to the Report's proposed findings or recommendations.

Petitioner objects to the Report's legal standard, apparently because the standard for successive habeas petitions should apply. Dkt. 45 at 3. A habeas petition is successive if, "at a minimum, an earlier-filed petition has been finally adjudicated." *Balbuena v. Sullivan*, 980 F.3d 619, 635 (9th Cir. 2020). Because there is no earlier-filed petition by this Petitioner that has been finally adjudicated, this action does involve a successive petition.

Petitioner objects that three of his proposed new claims are not untimely because they relate back to his earlier, timely claims. Dkt. 45 at 4-5. As the Report found, the proposed new claims and the earlier claims are not tied to a common core of operative facts. Dkt. 43 at 12-13. The proposed new claims, compared to the earlier claims, involved different stages of the state criminal proceeding, a different prosecutor, and discrete or separate transactions. *Id*. Petitioner does not challenge these findings in any substantive manner.

Petitioner objects that he diligently exhausted his claim in the state courts in order to seek relief in federal court with his new proposed claims. Dkt. 45 at 6. But Petitioner did not need to exhaust his claims in state court before filing a motion to amend. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (describing the process

available to prisoners of filing a "protective" petition in federal court and asking for a stay until state remedies are exhausted).

Petitioner objects that prison staff kept his legal materials from him, which he apparently raises as a basis for equitable tolling. Dkt. No. 45 at 6-7. Petitioner refers to a letter and attached documents in which he alleged that his legal materials were withheld from him beginning on August 15, 2023, upon his transfer to California Medical Facility. Dkt. 24 at 2. Deprivation of legal materials could be a basis for equitable tolling. See Waldron-Ramey v. Pacholke, 556 F.3d 1008, 1013 (9th Cir. 2009). Here, however, this alleged circumstance, assuming it might qualify as extraordinary, could not have been the cause of the untimeliness of Petitioner's proposed new claims. The court notified prison officials on October 12, 2023, that Petitioner had pending actions that would require the use of his legal materials. Dkt. 27. Moreover, Petitioner was transferred to another prison around January 12, 2024. Dkt. 31. These circumstances, liberally construed, show that the withholding of the legal materials could have lasted, at the longest, for five months. But Petitioner's proposed new claims are untimely by six months. Dkt. 43 at 10. Thus, the alleged withholding of legal materials could not have caused the untimeliness of Petitioner's proposed new claims. See Smith v. Davis, 953 F.3d 582, 591 (9th Cir. 2020) (en banc) ("For if an extraordinary circumstance is not the cause of a litigant's untimely filing, then there is nothing for equity to address.").

Petitioner objects that he asked the court for the appointment of counsel. Dkt. 45 at 7. As the court explained, prisoners are not entitled to counsel in habeas corpus actions, and Petitioner did not show it was warranted in this case. Dkt. 7. The requirement that Petitioner litigate this action as a *pro se* litigant does not entitle him to amend his petition with untimely claims.

Finally, Petitioner appears to object that his proposed new claim, based on insufficiency of the evidence, is not duplicative of an already-pending claim of insufficiency of the evidence. Dkt. No. 45 at 7. As the Report found, the claims

are duplicative, rendering amendment futile. Dkt. 43 at 14. Petitioner does not challenge this finding in any meaningful manner.

## ORDER

It is ORDERED that (1) the Report and Recommendation of the Magistrate Judge is ACCEPTED and ADOPTED; and (2) Petitioner's motion to amend his petition is DENIED.

IT IS SO ORDERED.

Dated: April 9, 2025

FERNANDO L. AENLLE-ROCHA
United States District Judge

4